IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 14-CV2275

MAXIMILIANO ACOSTA,

Plaintiff,

v.

VIKING INSURANCE COMPANY OF WISCONSIN.

Defendant.

---

## DEFENDANT VIKING'S NOTICE OF REMOVAL

---

    **TO:**  Chad P. Hemmat
Ethan A. McQuinn
Jason G. Alleman
Anderson Hemmat McQuinn, LLC
5613 DTC Parkway, Suite 150
Greenwood Village, CO 80111
*Attorneys for Plaintiff Maximiliano Acosta*

District Court, City and County of Denver, State of Colorado
1437 Bannock Street, Room 275
Denver, Colorado 80202

**PLEASE TAKE NOTICE** that Defendant Viking Insurance Company of Wisconsin, a corporation incorporated in Wisconsin with its principal place of business in Wisconsin, removes this action from the Denver District Court, City and County of Denver, State of Colorado, to the United States District Court for the District of Colorado, and give notice thereof in accordance 28 U.S.C. § 1446 upon the following grounds:

    1.    The above action was filed in the District Court, City and County of Denver (Case No. 2014CV32834) and is now pending in that Court. Service of Process,

1

including a Summons and Complaint, was served on Defendant on July 21, 2014. *See* Service of Process Transmittal, attached as **Exhibit A**. This Notice of Removal is filed less than 30 days after receipt by Defendant Viking. *See* 28 U.S.C. § 1446(b)(1).

2. This is a civil action involving an amount in controversy exceeding $75,000, exclusive of interest and costs, between parties of diverse citizenship, and for which this Court has original jurisdiction under 28 U.S.C. § 1332.

3. Plaintiff is a citizen of the State of Colorado. *See* Complaint at ¶ 1, attached as **Exhibit B**. Defendant Viking is a citizen of the State of Wisconsin, with its principal place of business in Stevens Point, Wisconsin. *See* Exhibit B at ¶ 2. *See also* Secretary of State Certification, attached as **Exhibit C** and Defendant Viking's Answer and Jury Demand, attached as **Exhibit D**. No change of citizenship of the parties has occurred since the commencement of this action. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between Plaintiff and Defendant.

4. Plaintiff has alleged that the Underinsured Motorist Coverage insurance contract has available benefits of $25,000. Exhibit B at ¶ 6. Plaintiff has demanded damages to include the $25,000 contract benefits, additional damages of double that amount ($50,000) under C.R.S. §§ 10-3-1115 & 1116, attorney fees under C.R.S. §§ 10-3-1115 & 1116, plus damages for common law bad faith. *See* Exhibit B at ¶¶ 13(x) and 40 as well as Plaintiff's Prayer for Relief. *See also* C.R.S. § 10-3-1116(1) ("A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."); *Rabin v. Fid. Nat. Prop. & Cas. Ins. Co.*, 863 F. Supp. 2d 1107 (D. Colo. 2012). These amounts

exceed $75,000 and Defendant reasonably anticipates Plaintiff will claim additional damages in excess of $75,000. See *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("the amount in controversy is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal"); and *Freebird, Inc. v. Merit Energy Co.*, 597 F. Supp. 2d 1245, 1247 (D. Kan. 2009), *citing Morgan v. Gay*, 471 F.3d 469, 474 (3rd Cir. 2006) (finding that it is a consensus among federal courts that a good faith basis is all that is necessary to satisfy the amount in controversy requirement of federal court jurisdiction under 28 U.S.C. § 1332(a), and that dismissal from the federal court is not warranted unless the court is satisfied to the level of "legal certainty" that the claim is not recoverable in an amount in excess of $75,000).

5. Defendant is entitled to remove the above action from the state District Court to the United States District Court pursuant to 28 U.S.C. §§ 1332 and 1446.

6. Pursuant to D.C.COLO.LCivR 81.1, copies of all process, pleadings, and orders are attached and filed with this notice. They are as follows:

District Court Civil Case Cover Sheet, attached as **Exhibit E**

Complaint and Jury Demand, attached as Exhibit B

Delay Reduction Order, attached as **Exhibit F**

Return of Service, attached as **Exhibit G**

Plaintiff's Initial Disclosures, attached as **Exhibit H**

Defendant's Answer and Jury Demand, attached as Exhibit D

In addition, the Register of Actions is attached as **Exhibit I**.

3

7. Further, Defendant states that no hearings have been set in the state court action and no motions are currently pending in the state court action.

8. Pursuant to D.C.COLO.LCivR 3.1B, a Supplemental Cover Sheet for Notices of Removal is being filed contemporaneously with this Notice of Removal.

9. Pursuant to 28 U.S.C. § 1446(a), this pleading is being signed under F.R.C.P. 11.

DATED August 15, 2014.

FRANK PATTERSON & ASSOCIATES, P.C.

By: s/Franklin D. Patterson
Franklin D. Patterson
Kevin G. Ripplinger
Katelyn S. Werner
Attorneys for Defendant
5613 DTC Parkway, Suite 400
Greenwood Village, Colorado 80111
Telephone: (303) 741-4539
Email: fpatterson@frankpattersonlaw.com
kripplinger@frankpattersonlaw.com
kwerner@frankpattersonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing was filed electronically in the United States District Court this 15th day of August, 2014 with instructions to serve the following:

Chad P. Hemmat, #20845
Ethan A. McQuinn, #36618
Jason G. Alleman, #42570
Anderson, Hemmat & McQuinn, LLC
5613 DTC Parkway, Suite 150
Greenwood Village, CO 80111
*Attorneys for Plaintiff*

                                          *s/Megan Cunningham*
                                          Megan Cunningham